**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DIMITRIOS GOROS,**

      **Plaintiff,**

  -vs-              **9:03-CV-1303**

**KENNETH S. PEARLMAN, et al.,**

      **Defendants.**

---

**Thomas J. McAvoy**, D.J.

### DECISION and ORDER

  This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Gustave Di Bianco, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Rule 72.3(c) of the Local Rules of the Northern District of New York.  Defendants have filed objections to the Report-Recommendation dated February 21, 2006.

  When objections to a magistrate judge's Report-Recommendation are lodged, the Court reviews the record *de novo*.  See 28 U.S.C. § 636(b)(1).  After such a review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions."  Id.

1

Having considered the record *de novo*, the Court accepts and adopts the recommendations of the Report-Recommendation with respect to the due process claim, Eighth Amendment, and verbal abuse claims.  The Court rejects the Report-Recommendation with respect to the retaliation claim.[1]  While the likelihood of success on this claim is minimal, the Complaint does put Defendants on notice of the retaliation claim and it cannot be said that there are no facts which, if true, could state a claim for relief.  It may be very unlikely that Defendants were aware of Plaintiff's prior lawsuit against CORC in Albany and/or two physicians at Wende Correctional Facility, but it is not impossible.  There may be facts establishing that Defendants were aware of the prior proceeding and retaliated against Plaintiff therefor.  The validity of this claim is best tested on a motion for summary judgment or at trial.

The Court agrees with the Magistrate Judge that Plaintiff's complaint is very convoluted and difficult to follow.  In that regard, it fails to comply with Fed. R. Civ. P. 8.  Accordingly,

---

[1] The Court recognizes that neither party objected to the Report-Recommendation in this regard.  Nonetheless, the Court finds that there was clear error.  The Magistrate Judge appears to have required Plaintiff to plead facts demonstrating the elements of his retaliation claim.  Under Swierkiewicz v. Sorema, 534 U.S. 506 (2002), Plaintiff need not do so.  Phelps v. Capnolas, 308 F.3d 180, 186-87 (2d Cir. 2002) ("However unlikely it may appear to a court from a plaintiff's complaint that he will ultimately be able to prove an alleged fact such as mental state, the court may not go beyond FRCP 8(a)(2) to require the plaintiff to supplement his pleadings with additional facts that support his allegation of knowledge either directly or by inference.  Whether the plaintiff can produce evidence to create a genuine issue with regard to his allegation is to be resolved through a motion for summary judgment.").

Plaintiff is hereby directed to file an amended complaint consisting of a short, plain and intelligible assertion of his claims against Defendants. Plaintiff should endeavor to identify the Defendants by their names, rather than by reference to some lettering scheme devised by Plaintiff. Plaintiff should also endeavor to separate out each cause of action. Failure to file an amended complaint within 60 days of the date of this Order shall result in the dismissal of this case. In all other respects, the Court adopts the Report-Recommendation.

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part. All of Plaintiff's claims are dismissed except for his claims of deliberate indifference to a serious medical need in violation of the Eighth Amendment and retaliation in violation of the First Amendment. Plaintiff is directed to file an amended complaint within 60 days.

**IT IS SO ORDERED.**

Dated: March 24, 2006

Thomas J. McAvoy
Senior, U.S. District Judge