UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIMITRIOS GOROS,

                         Plaintiff,

      v.                                          9:03-cv-1303

KENNETH S. PEARLMAN, Superintendent;
JAMES A. MANCE, Deputy Superintendent;
D. KELEFANT, IGP Supervisor; RIDDICK,
Senior Correction Counselor; Sgt. ALLEN;
Sgt. C. KANTE; C.O. DURANTE; C.O.
MEACHAM; HENRICH, Inmate Grievance
Resolution Clerk, Five Points Correctional
Facility; BROWN, Inmate Grievance Program
Supervisor, Five Points Correctional Facility;
and GREGOIRE J. PETER, M.D., Medical
Director, Five Points Correctional Facility,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff, an inmate at Five Points Correctional Facility, commenced the instant pursuant to 42 U.S.C. § 1983 claiming that Defendants violated his constitutional rights under the First, Eighth, and Fourteenth Amendments. Defendants previously moved for Judgment on the Pleadings. A Report-Recommendation recommended denying the motion as to the Eighth Amendment claim against Defendant Peter, but granting the motion as to all other claims and defendants. The Court adopted the Report-Recommendation and also allowed Plaintiff's retaliation claim to remain. Plaintiff was ordered to file a Second Amended Complaint. The Second Amended Complaint named only Dr. Gregoire as a Defendant,

claiming that he acted with deliberate indifference to Plaintiff's serious medical needs, he retaliated against him for engaging in protected activity, and placed Plaintiff in keeplock in violation of his due process rights. Defendant moves for summary judgment pursuant to Fed. R. Civ. P. 56. Despite being warned of the potential consequences of failing to respond to a summary judgment motion, Plaintiff has failed to file any opposition papers with regard to this motion.

## I.     FACTS[1]

Plaintiff arrived at Five Points Correctional Facility on September 10, 2003. At that time, Plaintiff had a variety of medical conditions, including Chronic Obstructive Pulmonary Disease, coronary artery disease, chronic gastritis/esophagitis, and low back pain. Plaintiff was first examined by Dr. Gregoire on September 19, 2003. After several subsequent examinations by Dr. Gregoire, on November 7, 2003, Plaintiff refused to be examined by Dr. Gregoire and physically pushed him away. Plaintiff again refused examination by Dr. Gregoire on December 2, 2003. On December 16, 2003, Dr. Gregoire examined Plaintiff. At that time, Plaintiff requested a seat for the shower. Dr Gregoire approved the request. During the examination, Plaintiff refused to attempt to stand and requested both a shower seat and a bed table for his cell. On December 31, 2003, Plaintiff rejected the shower bench that he previously requested and had been approved by Dr. Gregoire. On that same day, Plaintiff requested a wheelchair to use in the shower, a bed table, and a water pitcher. Those requests were denied by Dr. Gregoire because he believed those items were not

---

[1] Because Plaintiff has failed to file a Statement of Material Facts as required by Local Rule 7.1(a)(3) or otherwise respond to the motion for summary judgment, the following facts are taken from Defendant's properly supported Statement of Material Facts and deemed to be true.

medically necessary and would be available to Plaintiff in the handicapped housing for the general population.

On January 13, 2004, Plaintiff refused routine blood work.  On March 11, 2004, Dr. Gregoire wrote a memorandum to Plaintiff regarding his Prevacid prescription.  Plaintiff was prescribed a 15 mg dose.  Plaintiff insisted that the medication was available in a 10 mg dose.  Dr. Gregoire attempted to explain that a 10 mg dose was not available.  Plaintiff refused the 15 mg dose of Prevacid and refused alternative medications.

On June 28, 2004, Dr. Gregoire gave Plaintiff instructions on the use of his albuterol inhaler and advised that it could continue to be used while Plaintiff was waiting to receive a new inhaler.  Plaintiff refused to be examined.  On that same date, Dr. Gregoire wrote a memorandum to Plaintiff explaining that his use of an oxygen concentrator machine necessitated that he be housed in the infirmary rather than the general population.[2]  On June 29, 2004, Dr. Gregoire wrote another memorandum to Plaintiff explaining the albuterol inhaler instructions.

## II.     STANDARD OF REVIEW

Summary judgment will be granted when there is no genuine material issue of fact and the moving party is entitled to judgment as a mater of law.  Fed .R. Civ .P. 56(c).  The court must consider the evidence in the light most favorable to the non-moving party. Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999).  A fact is considered material if it "might affect the outcome of the suit."  Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986).  A material fact is genuine if the "evidence is such that a reasonable jury could return

---

[2] The oxygen concentrator machine is viewed as a security risk in the general population.

a verdict for the non-moving party." Id.  The court cannot grant summary judgment if "after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." Pinto v. Allstate Ins. Co., 221 F.3d 394, 398 (2d Cir. 2000).  There must be evidence provided by the non-moving party to support its claims.  The burden of demonstrating there is no genuine issue of material fact is on the moving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  When the moving party meets its burden, the burden then shifts to the non-moving party, who must show that there is a genuine issue of material fact requiring a trial.  Matsuhita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-586 (1986).

**III.     DISCUSSION**

Plaintiff claims that his Eighth Amendment rights were violated because Dr. Gregoire showed a deliberate indifference to his serious medical needs.  Plaintiff contends that Dr. Gregoire was indifferent to his need to use a wheel chair for use in the shower, as well as his need for a bed table, a water pitcher, and certain medications.

To succeed on an Eighth Amendment claim, Plaintiff must proffer evidence from which a fair-minded trier of fact reasonably could conclude that Defendants acted with deliberate indifference towards his serious medical needs.  Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003).  This test encompasses an objective and subjective element. Whether a medical condition is sufficiently serious is an objective test.  Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003).  Whether defendants acted with deliberate indifference to such a need is governed by a subjective test.  Id.

Determining whether a deprivation is sufficiently serious requires inquiry into whether the prisoner was deprived of medical care and whether "the inadequacy in medical

care is sufficiently serious." Salahuddin v. Goord, 467 F.3d 263, 280 (2006). To be sufficiently serious, the condition must present a substantial risk of harm. It must be a condition of urgency which, if not adequately treated, would produce death, degeneration or extreme pain. Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). The Court must consider the risk of harm from such deprivation rather than simply the severity of the pre-existing medical condition.

For the purposes of the instant motion only, Defendant focuses only on the subjective test of whether Defendant acted with deliberate indifference. A showing of medical malpractice or negligence is insufficient to support a claim of deliberate indifference. Deliberate indifference generally describes a mental state more blameworthy than negligence. See Chance v. Armstrong, 143 F.3d 698 (2d Cir. 1998). There must be evidence that Defendants "actually wished [Plaintiff] harm, or at least, [were] totally unconcerned with [his] welfare." Hathaway, 37 F.3d at 69. There must be evidence of a "complete denial of or intentional effort to delay access to medical care, or a reckless and callous indifference to the safety of prisoners." Hogan v. Russ, 890 F. Supp. 146, 149 (N.D.N.Y. 1995). The subjective standard for a claim of deliberate indifference to a serious medical need requires a high level of culpability. This mental state in similar to that of recklessness in criminal law. The actor must be "aware of a substantial risk of harm." Salahuddin, 467 F.3d at 280. The belief that a certain course of conduct poses no substantial risk of harm "need not be sound so long as it is sincere." Id. at 281.

In support of his motion for summary judgment, Defendant submitted proof demonstrating that he responded to Plaintiff's requests, provided the proper medication for his condition, approved his request for a shower seat, and that Plaintiff had access to a

wheel chair.  Defendant also submits evidence that Plaintiff frequently refused treatments and refused to be examined.  In response, Plaintiff fails to point to sufficient evidence upon which a fair-minded trier of fact could reasonably conclude that Dr. Gregoire was deliberately indifferent to a serious medical need.  Plaintiffs disagreements over the proper dosage of Prevacid or how long a canister of albuterol lasts does not evidence deliberate disregard.  Plaintiff's complaints regarding the functioning of his faucet in his cell, the need for a water pitcher, and his other complaints do not implicate any serious medical needs and do not involve Dr. Gregoire.  Accordingly, the Eighth Amendment claims are DISMISSED.

Plaintiff also contends that Defendant refused Plaintiff treatment in retaliation for engaging in protected speech.  For the reasons discussed, there is insufficient evidence that Plaintiff was denied medical treatment.  Accordingly, the First Amendment claim must fail.

Next, Plaintiff alleges that he was placed in keeplock in violation of his due process rights.  The undisputed evidence before the Court is that Plaintiff was not placed in keeplock, but was placed in the infirmary because his health necessitated the use of an oxygen concentrator.  This machine was deemed a security risk to be allowed into the general population.  Plaintiff does not claim that he did not require the use of the oxygen concentrator.  There is no evidence that Plaintiff was placed in the infirmary for punitive reasons.  There similarly is no evidence that it was Dr. Gregoire's decision whether to allow Plaintiff into the general population with the oxygen concentrator.  Plaintiff, therefore, fails to demonstrate that Dr. Gregoire was personally involved in any alleged due process violations, that there were not legitimate reasons for placing him in the infirmary, or that he was otherwise exposed to atypical prison conditions without adequate due process of law.  Accordingly, this claim is DISMISSED.

**IV.     CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED and the Complaint is DISMISSED IN ITS ENTIRETY.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated:   May 9, 2007

Thomas J. McAvoy
Senior, U.S. District Judge